# COMMONWEALTH OF VIRGINIA

EXHIBIT A

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL26001531-00

LOUDOUN Circuit Court

18 E MARKET ST/PO BOX 550, LEESBURG 20178-0550
ADDRESS

TO:

COSTCO WHOLESALE CORPORATION, R/A C.T. CORPORATION SYSTEM
4701 COX ROAD
STE. 285
GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

MARCH 2, 2026 — DATE
CLEMENS, GARY M — Clerk

by /S/ WALSH, ANGELA — DEPUTY CLERK

Instructions:

Hearing Official: ..........

Uploaded: 2026FEB27 14:02 Filed By:Bar# 92893 MDUNCANSON Reference: EF-194548
eFiled: 2026FEB27 LOUDOUN CC ANGELA.WALSH at 2026MAR02 08:12 CL26001531-00

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. .................................... (CLERK'S OFFICE USE ONLY)

Loudoun County ............ Circuit Court

Olga Zemany v./In re: Costco Wholesale Corporation

PLAINTIFF(S) DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**
- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**
- [ ] Attachment
- [ ] Confessed Judgment
- [ ] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**
- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**
- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [x] Other General Tort Liability

## ADMINISTRATIVE LAW
- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS
- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS
- [ ] Amend Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[x] Damages in the amount of $ 10,000,000.00 are claimed.

2/27/2026
DATE

[signature]
[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

Michael D. Reiter, Esq.
PRINT NAME

8280 Willow Oaks Corporate Dr., Ste. 810, Fairfax, VA 22031
703-538-1138
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

mreiter@chasenboscolo.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

## Civil Action Type Codes
## (Clerk's Office Use Only)

| Action | Code |
|---|---|
| Accounting | ACCT |
| Adoption | ADOP |
| Adoption – Foreign | FORA |
| Adult Protection | PROT |
| Aid and Guidance | AID |
| Amend Death Certificate | ADC |
| Annexation | ANEX |
| Annulment | ANUL |
| Annulment – Counterclaim/Responsive Pleading | ACRP |
| Appeal/Judicial Review | |
| ABC Board | ABC |
| Board of Zoning | ZONE |
| Compensation Board | ACOM |
| DMV License Suspension | JR |
| Employment Commission | EMP |
| Employment Grievance Decision | GRV |
| Local Government | GOVT |
| Marine Resources | MAR |
| School Board | JR |
| Voter Registration | AVOT |
| Other Administrative Appeal | AAPL |
| Appointment | |
| Conservator of Peace | COP |
| Church Trustee | AOCT |
| Custodian/Successor Custodian (UTMA) | UTMA |
| Guardian/Conservator | APPT |
| Marriage Celebrant | ROMC |
| Standby Guardian/Conservator | STND |
| Approval of Transfer of Structured Settlement | SS |
| Asbestos Litigation | AL |
| Attachment | ATT |
| Bond Forfeiture Appeal | BFA |
| Child Abuse and Neglect – Unfounded Complaint | CAN |
| Civil Contempt | CCON |
| Claim Impleading Third Party Defendant – Monetary Damages/No Monetary Damages | CTP |
| Complaint – (Miscellaneous) | COM |
| Compromise Settlement | COMP |
| Condemnation | COND |
| Confessed Judgment | CJ |
| Contract Action | CNTR |
| Contract Specific Performance | PERF |
| Counterclaim – Monetary Damages/No Monetary Damages | CC |
| Cross Claim | CROS |
| Declaratory Judgment | DECL |
| Declare Death | DDTH |
| Detinue | DET |
| Divorce | |
| Complaint – Contested/Uncontested | DIV |
| Counterclaim/Responsive Pleading | DCRP |
| Reinstatement – Custody/Visitation/Support/ Equitable Distribution | CVS |
| Driving Privileges | |
| Reinstatement pursuant to § 46.2-427 | DRIV |
| Restoration – 3rd Offense | REST |
| Ejectment | EJET |
| Encumber/Sell Real Estate | RE |
| Enforce Vendor's Lien | VEND |
| Escheatment | ESC |
| Establish Boundaries | ESTB |
| Expungement | XPUN |
| Forfeiture of Property or Money | FORF |
| Freedom of Information | FOI |
| Garnishment | GARN |
| Injunction | INJ |
| Intentional Tort | ITOR |
| Interdiction | INTD |
| Interpleader | INTP |
| Interrogatory | INTR |
| Judgment Lien – Bill to Enforce | LIEN |
| Landlord/Tenant | LT |
| Law Enforcement/Public Official Petition | LEP |
| Mechanics Lien | MECH |
| Medical Malpractice | MED |
| Motor Vehicle Tort | MV |
| Name Change | NC |
| Other General Tort Liability | GTOR |
| Partition | PART |
| Permit, Unconstitutional Grant/Denial by Locality | LUC |
| Petition – (Miscellaneous) | PET |
| Product Liability | PROD |
| Quiet Title | QT |
| Referendum Elections | ELEC |
| Reinstatement (Other than divorce or driving privileges) | REIN |
| Removal of Case to Federal Court | REM |
| Restore Firearms Rights – Felony | RFRF |
| Restore Firearms Rights – Review | RFRR |
| Separate Maintenance | SEP |
| Separate Maintenance – Counterclaim/Responsive Pleading | SCRP |
| Sever Order | SEVR |
| Sex Change | COS |
| Taxes | |
| Correct Erroneous State/Local | CTAX |
| Delinquent | DTAX |
| Termination of Mineral Rights | MIN |
| Trust – Impress/Declare/Create | TRST |
| Trust – Reformation | REFT |
| Uniform Foreign Country Money Judgments | RFCJ |
| Unlawful Detainer | UD |
| Vehicle Confiscation | VEH |
| Violation – Election Law | VEL |
| Voting Rights – Restoration | VOTE |
| Will Construction | CNST |
| Will Contested | WILL |
| Writs | |
| Certiorari | WC |
| Habeas Corpus | WHC |
| Mandamus | WM |
| Prohibition | WP |
| Quo Warranto | WQW |
| Wrongful Death | WD |

**VIRGINIA:**

**IN THE CIRCUIT COURT FOR LOUDOUN COUNTY**

| | | |
|---|---|---|
| **OLGA ZEMANY**<br>**245 Primavera Circle**<br>**Sterling, VA 20165**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COSTCO WHOLESALE CORPORATION**<br>**SERVE:**<br>**Registered Agent C.T. Corporation System**<br>**4701 Cox Road, Ste. 285**<br>**Glen Allen, VA 23060**<br><br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.:** |

## COMPLAINT

**NOW COMES** the Plaintiff, Olga Zemany, by counsel Michael D. Reiter, Esq., Michael E. Duncanson, Esq., and **CHASEN**BOSCOLO INJURY LAWYERS, and moves this Court for judgment against the Defendant, **COSTCO WHOLESALE CORPORATION,** for negligence in the amount of $10,000,000.00 (Ten Million Dollars) and in support thereof states as follows:

1. On August 1, 2024, Ms. Olga Zemany ("Ms. Zemany"), was lawfully present as a customer, an invitee, inside Defendant Costco Wholesale Corporation's ("Defendant Costco") store located at 21398 Price Cascades Plaza, Sterling, Virginia 20164 ("premises") in Loudoun County, Virginia.
2. At the same time, date, and place an employee/agent of Defendant Costco was pushing a flatbed cart stacked with boxes stacked on it, through an aisle of the store near the flower section, within the scope of their employment and with Defendant Costco's permission and consent, and failed

to pay full time and attention, failed to keep a proper lookout and failed to look, watch and see where they were going while pushing the flatbed cart, failed to provide any warning and failed to properly maneuver and control the flatbed cart, and struck Ms. Zemany, proximately causing her serious and permanent injuries.

3. Upon information and belief, Defendant Costco is a business authorized to operate business and does operate in the Commonwealth of Virginia, including Loudoun County.

4. Upon information of belief, Defendant Costco owns the store located on the premises where the subject incident occurred.

5. At the time of the incident, the Defendant Costco employee/agent that was involved in this incident was an employee/agent of Defendant Costco and at all times and at the time of the subject incident was operating as an employee/agent of Defendant Costco.

6. At the time of the incident, Defendant Costco's employee/agent that was involved in this incident was acting within the scope of their employment with Defendant Costco.

7. At the time of the incident, Defendant Costco is vicariously liable for the acts and omissions of its employees/agents, including the employee/agent that was involved in the subject incident while pushing the flatbed cart and striking Ms. Zemany.

8. At the time of the incident, Defendant Costco and its employees/agents knew or should have known that customers, invitees, would be in their store when it was opened to the public.

9. At the time of the incident, Defendant Costco and its employees/agents knew or should have known that their employees would be pushing flatbed carts with boxes around the store while customers, invitees, were lawfully present in the store during business hours.

10. At the time of the incident, Defendant Costco and its employees/agents knew or should

have known that employees/agents of Defendant Costco pushing flatbed carts with boxes stacked on them, obstructing their view, posed a safety risk to lawful customers, invitees, including Ms. Zemany.

11. At the time of the incident, Defendant Costco and its employees/agents knew or should have known that employees/agents of Defendant Costco pushing flatbed carts with boxes could foreseeably result in injury to lawful customers, invitees, if they are hit by the flatbed carts.

12. At the time of the incident, Defendant Costco and its employees/agents had a duty to keep the premises in a reasonably safe condition.

13. At the time of the incident, Defendant Costco and its employees/agents had a duty to prevent dangerous hazards from being on the premises.

14. At the time of the incident, Defendant Costco and its employees/agents had a duty to keep the premises in a reasonably safe condition for an invitee's use consistent with the invitation.

15. At the time of the incident, Defendant Costco and its employees/agents had a duty to warn an invitee of any unsafe condition.

16. At the time of the incident, Defendant Costco and its employees/agents had a duty to hire only safe employees/agents that would not injure others while pushing flatbed carts.

17. At the time of the incident, Defendant Costco and its employees/agents had a duty to retain only safe employees/agents that would not injure others while pushing flatbed carts.

18. At the time of the incident, Defendant Costco and its employees/agents had a duty to ensure its employees/agents did not injure its customers, invitees, while pushing flatbed

carts.

19. At the time of the incident, Defendant Costco and its employees/agents had a duty to ensure its employees/agents used flatbed carts in a safe and reasonable manner without striking customers.
20. At the time of the incident, Defendant Costco and its employees/agents had a duty to properly train their employees/agents to safely operate flatbed carts without striking customers, invitee.
21. At the time of the incident, Defendant Costco and its employees/agents had a duty to pay full time and attention when pushing flatbed carts.
22. At the time of the incident, Defendant Costco and its employees/agents had a duty to watch where they were going and watch where they were pushing flatbed carts.
23. At the time of the incident, Defendant Costco and its employees/agents had a duty to properly see where they were going while pushing flatbed carts.
24. At the time of the incident, Defendant Costco and its employees/agents had a duty to control flatbed carts they were pushing to avoid striking anyone.
25. At the time of the incident, Defendant Costco and its employees/agents had a duty to keep a proper lookout for customers, invitees, who were lawfully on the premises.
26. At the time of the incident, Defendant Costco and its employees/agents had a duty to see customers, invitees, who were lawfully on the premises.
27. At the time of the incident, Defendant Costco and its employees/agents had a duty to not be distracted while pushing flatbed carts.
28. At the time of the incident, Defendant Costco and its employees/agents had a duty to control the speed at which they were pushing flatbed carts to allow them to stop without

striking any customers.

29. At the time of the incident, Defendant Costco and its employees/agents had a duty to not hit and injure customers, invitees, who were lawfully on the premises, while pushing flatbed carts.

30. At the time of the incident, Defendant Costco and its employees/agents had a duty to warn customers, invitees, before passing by with flatbed carts.

31. At the time of the incident, Defendant Costco and its employees/agents had a duty to announce to customers, invitees, that they were passing by with flatbed carts.

32. At the time of the incident, Defendant Costco and its employees/agents had a duty to not create visibility issues for pushing flatbed carts in the way they stacked boxes on them.

33. At the time of the incident, Defendant Costco and its employees/agents had a duty to properly maneuver and control flatbed carts throughout the aisles of the premises without striking any customers, invitees.

34. At the time of the incident, Defendant Costco and its employees/agents had a duty to not stack flatbed carts with boxes beyond the point in which it would obstruct their ability to see what was in front of them.

35. At the time of the incident, Defendant Costco and its employees/agents had a duty to walk carefully through the store with flatbed carts without striking anyone to prevent customers, invitees, from being hit by the flatbed cart.

36. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to keep the premises in a reasonably safe condition.

37. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to prevent dangerous hazards from being on the premises.

38. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to keep the premises in a reasonably safe condition for an invitee's use consistent with the invitation.

39. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to warn an invitee of any unsafe condition.

40. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to hire only safe employees/agents that would not injure others while pushing flatbed carts.

41. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to retain only safe employees/agents that would not injure others while pushing flatbed carts.

42. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to ensure its employees/agents did not injure its customers, invitees, while pushing flatbed carts.

43. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to ensure its employees/agents used flatbed carts in a safe and reasonable manner without striking customers.

44. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to properly train their employees/agents to safely operate flatbed carts without striking customers, invitee.

45. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to pay full time and attention when pushing flatbed carts.

46. The incident occurred because Defendant Costco and its employees/agents breached its

duties by failing to watch where they were going and watch where they were pushing flatbed carts.

47. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to properly see where they were going while pushing flatbed carts.

48. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to control flatbed carts they were pushing to avoid striking anyone.

49. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to keep a proper lookout for customers, invitees, who were lawfully on the premises.

50. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to see customers, invitees, who were lawfully on the premises.

51. The incident occurred because Defendant Costco and its employees/agents breached its duties by being distracted while pushing flatbed carts.

52. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to control the speed at which they were pushing flatbed carts to allow them to stop without striking any customers.

53. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to not hit and injure customers, invitees, who were lawfully on the premises, while pushing flatbed carts.

54. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to warn customers, invitees, before passing by with flatbed carts.

55. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to announce to customers, invitees, that they were passing by with

flatbed carts.

56. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to not create visibility issues for pushing flatbed carts in the way they stacked boxes on them.

57. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to properly maneuver and control flatbed carts throughout the aisles of the premises without striking any customers, invitees.

58. The incident occurred because Defendant Costco and its employees/agents breached its duties by stacking flatbed carts with boxes beyond the point in which it would obstruct their ability to see what was in front of them.

59. The incident occurred because Defendant Costco and its employees/agents breached its duties by failing to walk carefully through the store with flatbed carts without striking anyone to prevent customers, invitees, from being hit by the flatbed cart.

60. As a direct and proximate result of the conduct of Defendant Costco and its breaches of the above duties and negligence, and agency/vicarious liability, Olga Zemany suffered proximately caused severe, permanent, and uncompensated damages. These damages include permanent bodily injuries that have significantly negatively impacted her health. These damages include past, present, and future physical pain and mental anguish, inconvenience, disfigurement, deformity and humiliation and embarrassment, suffering, and immobility and negative impact on quality of life. These damages caused and continue to cause Ms. Zemany to expend sums of money for hospitals, physicians, and related care and treatment. Ms. Zemany suffered and continues to suffer from mental and

emotional harms and losses, including isolation, loss of mobility, anger, humiliation, fright, and anguish.

61. Ms. Zemany neither contributed to the violations which caused this incident, nor assumed the risk of the injuries sustained.

**COUNT I – NEGLIGENCE OF DEFENDANT COSTCO WHOLESALE CORPORATION**

62. OLGA ZEMANY hereby incorporates the allegations of paragraphs one (1) through sixty-one (61) above and in addition, avers that Defendant Costco Wholesale Corporation's negligence proximately caused harm to OLGA ZEMANY, and constituted negligence, thus justifying the award of monetary damages against it.

**COUNT II – AGENCY/VICARIOUS LIABILITY OF DEFENDANT COSTCO WHOLESALE CORPORATION**

63. OLGA ZEMANY hereby incorporates the allegations of paragraphs one (1) through sixty-two (62) above and in addition, avers that Defendant Costco Wholesale Corporation is vicariously liable for the negligence of their employees/agents, while acting within the scope of their employment and on behalf of Defendant Costco Wholesale Corporation, as set forth above, and that proximately caused harm to OLGA ZEMANY thus justifying the award of monetary damages against it.

**WHEREFORE**, Plaintiff Olga Zemany demands judgment against the Defendant, **COSTCO WHOLESALE CORPORATION**, in the amount of $10,000,000.00 (Ten Million Dollars) plus pre-judgment interest and post-judgment interest and Plaintiff's costs expended in this matter.

**A TRIAL BY JURY IS REQUESTED.**

Respectfully submitted,
**OLGA ZEMANY**
By Counsel

Michael Reiter

Michael D. Reiter, Esq. (VSB# 93115)
Michael E. Duncanson, Esq. (VSB# 92893)
CHASENBOSCOLO INJURY LAWYERS
8280 Willow Oaks Corporate Drive, Suite 810
Fairfax, VA 22031
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mreiter@chasenboscolo.com
mduncanson@chasenboscolo.com
*Counsel for Ms. Zemany*